IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVE ABOU-ARRAGE,            )
                              )
            Petitioner,       )
                              )
      v.                      )    Civil Action No. 06-41E
                              )    JUDGE SEAN McLAUGHLIN
WARDEN FCI MCKEAN,            )    MAGISTRATE JUDGE BAXTER
                              )
            Respondent.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the following reasons it is respectfully recommended that petitioner's conviction as a convicted felon in possession of a firearm be vacated, but that his petition be denied to the extent that he seeks a sentence reduction on the remaining conviction for drug possession.

**II.   REPORT**

Petitioner, Steve Abou-Arrage, is a prisoner presently housed within this district serving an aggregate sentence of 255 months incarceration which was imposed by the United States District Court of the Southern District of Florida in July 1997. Petitioner pled guilty to one count of "Conspiracy to Possess with Intent to Distribute a Controlled Substance" (21 U.S.C. § 841(a)(1) and § 846) and "Possession of a Firearm by a Convicted Felon" (18 U.S.C. §§ 922(g)(1), 924(a)(2)). He was sentenced to 135 months for the drug charge and 120 months for the firearms charge.

Petitioner seeks relief pursuant to 28 U.S.C. §2241 on the basis that he is actually innocent of the firearms charges. Specifically, in Small v. United States, 544 U.S. 385 (2005), the Supreme Court held that foreign convictions may not be used as a predicate offense for purposes of the crime of being a "convicted felon" possessing a firearm. It is undisputed that petitioner's prior conviction in this case was a Canadian conviction, and that the Supreme Court's ruling in Small renders petitioner's firearm conviction invalid. Respondent concedes that the firearms conviction

must be vacated in light of the Supreme Court's ruling in <u>Small</u>.[1]

Petitioner also argues, however, that vacating his firearms conviction should also result in a reduction of his 135 month sentence for conspiracy to distribute controlled substances. Petitioner was given a 2-level enhancement of his drug sentence due to his possession of a firearm. It is asserted that this enhancement is also invalid. Petitioner misconstrues the nature of the ruling in <u>Small</u>, which has no application to the enhancement of his drug sentence.[2]

The Supreme Court ruled in <u>Small</u> that a foreign conviction may not be the basis for a finding that someone is a "convicted felon" for purposes of establishing the crime of "Possession of a Firearm by a Convicted Felon." The ruling in <u>Small</u> invalidates a conviction that uses a foreign conviction as an element of the underlying offense. By contrast, petitioner's drug sentence was not enhanced on the basis of his status as a convicted felon, whether foreign or domestic. Rather, his drug sentence was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1), which applies when "a dangerous weapon (including a firearm) was possessed" during the underlying offense, i.e., the relevant factor is not petitioner's status as a convicted felon in Canada, but his possession of a

---

[1] In this respect, a § 2241 petition is an appropriate avenue for relief since the "saving clause" of Title 28 U.S.C. § 2255 applies:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The Third Circuit has held that a § 2241 petition may provide an avenue of relief to federal prisoners in accordance with the savings clause provision of § 2255 when an intervening decision makes the petitioner's underlying conduct non-criminal. <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). The limited exception specifically outlined in <u>Dorsainvil</u> applies here.

[2] The court is addressing the merits of this claim because it so plainly lacks merit. It also appears, however, that petitioner's claim concerning the enhancement of his sentence would not qualify for the <u>Dorsainvil</u> exception and that this claim could also be dismissed for lack of jurisdiction.

weapon during the instant drug offense.  Petitioner's status as a former felon was not at issue nor was his prior Canadian conviction the basis for an enhancement of his drug sentence.  <u>Small</u> is entirely irrelevant, and petitioner's claim concerning his 135 month sentence lacks merit.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be granted in part and denied in part.  Petitioner's sentence of 120 months for firearm possession should be vacated, but his petition should be dismissed with respect to his challenge to his drug sentence.[3]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: 8/14/06

cc:   The Honorable Sean J. McLaughlin
       United States District Judge

       STEVE ABOU-ARRAGE
       39971-054

---

[3] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  Hence, no recommendation is made in this respect.

FCI MCKEAN
PO Box 8000
Bradford, PA 16701

Christy Wiegand
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219